UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TUTORING CLUB, LLC,

Plaintiff(s),

v.

MIRIAM Q. GRIEGO,

Defendant(s).

2:13-CV-737 JCM (VCF)

ORDER

Presently before the court is plaintiff Tutoring Club, LLC's motion for a preliminary injunction. (Doc. # 12). Defendant Miriam Q. Griego filed a response, (doc. # 16), in which she consented to the entry of a preliminary injunction as requested by plaintiff. Plaintiff followed with a reply. (Doc. # 17).

**I. Background**

Plaintiff franchises independent businesses to operate tutoring centers throughout the country. (Doc. # 12). As part of its business, plaintiff licenses trade names, trademarks, service marks, logos, commercial names, proprietary software, and operating methods to franchisees. Defendant was formerly an operator of two Tutoring Club franchises. Plaintiff alleges that defendant continued to use Tutoring Club marks after the franchise agreements were terminated, which constituted a violation both of the Lanham Act and of the franchise agreements themselves.

After the termination of her agreements with Tutoring Club, defendant continued to provide homework support for students. (Doc. # 16, 1:28-2:2). Defendant concedes that she did not

immediately remove the Tutoring Club signs from her building after the agreements were terminated. Defendant, however, denies that she continued to use the "Tutoring Club System," and claims that she sent back Tutoring Club computers and paid the remaining royalties in a timely fashion. (Doc. # 16, 1:23-25). Defendant claims that she has now removed all marks, materials, and equipment relating to Tutoring Club from her facility. Concordantly, she consents to the entirety of the preliminary injunction requested by plaintiff. (Doc. # 16, 2:7-3:3).

**II. Legal standard**

According to Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a preliminary injunction: (1) likelihood of irreparable injury if preliminary relief is not granted; (2) a likelihood of success on the merits; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. Natural Res. Def. Council, Inc*, 555 U.S. 7, 20 (2008). "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22, 32. A moving party is required to make a showing that all of these requirements have been met. *American Trucking Assoc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

**III. Discussion**

The court finds that a preliminary injunction is appropriate in this case. While defendant does not admit any wrongdoing, she expressly consents to the preliminary injunction requested by plaintiff. (Doc. # 16, 2:7-3:5). Defendant, at this stage, has not argued that she was not bound by the franchise agreements with plaintiff, nor has she questioned the legitimacy of plaintiff's ownership of the trademarks, trade secrets, or other intellectual property. Accordingly, plaintiff's motion for a preliminary injunction will be granted.

. . .

James C. Mahan
U.S. District Judge

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Tutoring Club, Inc.'s motion for a preliminary injunction (doc. # 12) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Miriam Q. Griego, and all her employees, agents, representatives, legal entities she owns and/or controls, independent contractors, and all those who act in concert or in participation with her, shall be enjoined from:

(1) using Tutoring Club, LLC's name, as well as the Tutoring Club marks, defined in the franchise agreements to include: service marks, trademarks, trade names, trade dress, logos, slogans and commercial symbols used to identify tutoring centers or the services and products offered by Tutoring Club;

(2) using Tutoring Club LLC's "system standards," defined in the franchise agreements to include: trade secrets; intellectual property; Tutoring Club's systems manual and know-how; the Tutoring Club distinctive interior design, decor, fixtures and furnishings; all marketing, advertising, publicity, public relations, and other promotional materials and programs; materials and programs for recruiting, hiring and training tutors; all written proprietary tutoring materials and programs; all computer software licensed for use by Tutoring Club; and all service quality and client satisfaction standards and programs;

(3) using Tutoring Club LLC's "confidential information," defined in the franchise agreements to include: the systems manual; system standards; quality-control systems; tutoring, recruiting, and training materials and programs; tutoring materials and programs; computer software; information regarding salary research; items, services, developments, inventions, processes, techniques, and designs; marketing programs; finances; field operations; employee recruiting; and supplier relations.

. . .

. . .

. . .

IT IS FURTHER ORDERED that this injunction shall be effective upon the posting by Tutoring Club, LLC of a bond in the amount of $100.00.

DATED October 22, 2013.

**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge